# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GIORGIO GORI USA,** : | |
| : | Civil Action No. 11-4939 (ES) |
| **Plaintiff,** : | |
| v. : | |
| : | |
| **COASTAL RECOVERY CORPORATION; and** : | **OPINION AND ORDER** |
| **STEVEN ANTICO** : | |
| : | |
| **Defendants.** : | |
| : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Giorgio Gori USA's ("Plaintiff" or "Gori") motion for default judgment against Defendant Coastal Recovery Corporation ("Defendant" or "Coastal Recovery") pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions, and it appearing that:

1. Gori commenced this civil action on August 26, 2011. (D.E. No. 1).

2. Defendant Coastal Recovery was served with a copy of the Summons and Complaint on September 8, 2011. (D.E. No. 4).

3. The time for answering the Complaint has expired, and Coastal Recovery has neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

4. On October 6, 2011, Gori sent the Clerk of Court a letter requesting that default be entered against Coastal Recovery. (D.E. No. 7).

5. On October 6, 2011, the Clerk of Court entered default as to Coastal Recovery. (D.E. No. 8).

6. On December 8, 2011, Plaintiff filed its first motion seeking default judgment. (D.E. No. 9).

7. Plaintiff's first motion seeking default judgment was denied without prejudice because Plaintiff failed to provide a copy of the contract between the parties and also failed to provide proof of service. (D.E. No. 10).

8. On October 10, 2012, Plaintiff filed its instant (second) motion seeking default judgment. (D.E. No. 14).

9. In the instant motion, Plaintiff has again failed to provide a copy of the contract between the parties and also failed to provide proof of service. (*Id.*)

10. In the Third Circuit, District Judges have broad discretion in deciding motions for default judgment, "it is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

11. In deciding motions for default judgment, allegations supporting liability may be accepted as true, but damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

12. Here, by failing to attach a copy of the agreement between the parties, Gori has failed to adequately prove the damages it seeks from Coastal Recovery.

Accordingly, IT IS on this 13th day of May, 2013,

**ORDERED** that Plaintiff's instant motion is DENIED without prejudice with leave to re-file.

*s/Esther Salas*

**Esther Salas, U.S.D.J.**