<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GIORGIO GORI USA,** : | | |
| : | Civil Action No. 11-4939 (ES) | |
| **Plaintiff,** : | | |
| v. : | MEMORANDUM | |
| : | OPINION AND ORDER | |
| **COASTAL RECOVERY CORPORATION,** : | | |
| **AND STEVEN ANTICO,** : | | |
| : | | |
| **Defendants.** : | | |
| : | | |

<u>**SALAS, DISTRICT JUDGE**</u>

Pending before the Court is Plaintiff Giorgio Gori USA's ("Plaintiff" or "Giorgio Gori") third motion for default judgment against Defendant Coastal Recovery Corporation ("Coastal Recovery") pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submissions, and having heard oral argument, and it appearing that:

1. On August 26, 2011, Giorgio Gori commenced this civil action. (D.E. No. 1).

2. On September 8, 2011, Giorgio Gori served Coastal Recovery with a copy of the Summons and Complaint. (D.E. No. 4).

3. On September 8, 2011, Giorgio Gori also served Defendant Steven Antico ("Antico") with a copy of the Summons and Complaint. (*Id.*).

4. On March 10, 2014, the Court granted Giorgio Gori's request that Antico be dismissed from this action. (D.E. No. 21).

5. The time for answering the Complaint has expired, and Coastal Recovery has neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

6. On October 6, 2011, Giorgio Gori sent the Clerk of Court a letter requesting that default be entered against Coastal Recovery. (D.E. No. 7).

7. On October 6, 2011, the Clerk of Court entered default as to Coastal Recovery. (D.E. No. 8).

8. On December 8, 2011, Plaintiff filed its first motion seeking default judgment. (D.E. No. 9).

9. Plaintiff's first motion seeking default judgment was denied without prejudice because Plaintiff failed to provide a copy of the contract between the parties and attach proof of service. (D.E. No. 10).

10. On October 10, 2012, Plaintiff filed its second motion seeking default judgment. (D.E. No. 14).

11. Plaintiff's second motion seeking default judgment was also denied without prejudice because Plaintiff again failed to provide a copy of the contract between the parties and attach proof of service. (D.E. No. 15).

12. On July 17, 2013, Plaintiff filed its instant (third) motion seeking default judgment. (D.E. No. 17).[1]

13. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

---

[1] Plaintiff filed the pending motion, (D.E. No. 17), after improperly filing a motion with Electronic Case Filing (ECF) system errors. (D.E. No. 16).

14. First, the Court finds that there has been sufficient proof of service because Giorgio Gori served Coastal Recovery. (D.E. No. 17-2, Certification of John J. Levy, Ex. B, Proof of Service).

15. Second, the Court finds that there has been a sufficient cause of action stated. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract,[2] (2) breach of that contract, and (3) damages resulting from that breach. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Here, Plaintiff has alleged: (1) that there was a valid contract because Giorgio Gori gave Coastal Recovery a list of accounts to collect and Coastal Recovery collected on those accounts pursuant to its Schedule of Charges, (D.E. No. 17-3, Affidavit of Jim Maher ("Maher Aff.") ¶¶ 8-9); (2) that Coastal Recovery breached the contract when it failed to remit required payments to Giorgio Gori, (*id.* ¶¶ 11-14); and (3) that Giorgio Gori suffered resulting damages in the amount of $81,605.45, (*id.* ¶¶ 14-15). Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.[3]

16. Third, to determine whether granting default judgment is proper, the Court must

---

[2] "A contract arises from offer and acceptance, and must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992) (internal quotations omitted).

[3] The Third Circuit has held that web-based terms are enforceable. *See Schwartz v. Comcast Corp.*, 256 F. App'x 515, 520 (3d Cir. 2007) ("[T]he terms of the contract were available to [plaintiff] via the web site, and thus they are binding, despite the fact that he was unaware of them."). Here, the "Terms and Conditions" section of the Schedule of Charges states "Coastal will exert its full and complete effort and expertise to collect each account." (D.E. No. 17-3, Maher Aff., Ex. A, Terms and Conditions at 2). Then, in the "Collection Remittances" section of that document, it states "Coastal shall remit via individual checks all funds received from client's accounts, net of commissions." (*Id.*). The Court finds that the parties had reasonably certain contract terms.

make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc., v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).  Here, the Court finds that, first, absent any responsive pleadings from Coastal Recovery, meritorious defenses do not appear to be available to it.  Second, the Court finds that Plaintiff "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant."  *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012).  Finally, Coastal Recovery is culpable because it has been served with notice of this action but has failed to participate properly.

Accordingly, IT IS on this 14th day of March, 2014,

**ORDERED** that Plaintiff's motion for default judgment is GRANTED, and it is further

**ORDERED** that judgment is hereby entered against Coastal Recovery in favor of Giorgio Gori in the total amount of $81,605.45, and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**